IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARLEYSVILLE LAKE STATES )
INSURANCE COMPANY, )
 )
      Plaintiff, )
 )
  vs. ) No. 04 C 6237
 )
BOLLER CONSTRUCTION )
COMPANY, INC., et al., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Harleysville Lake States Insurance Company brought an action seeking a declaratory judgment that it owes no duty to defend defendant Boller Construction Company (Boller) in a state court action brought by the defendant Gavin School District (Gavin). Boller filed a two-count counterclaim, which plaintiff now moves to dismiss. For the following reasons, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

The factual background is based on the parties' pleadings. Boller served as the general contractor on a project to build Gavin Central School, which is located in Ingleside, Illinois. In February 2004, after the school was completed, Gavin allegedly noticed a number of flaws in the school's structure and design. On September 7, 2004, Gavin filed a two-count complaint against Boller (and others, who are not parties to the present action), claiming that Boller was responsible in part for the flaws. Boller tendered the defense in that action to plaintiff, its insurance carrier, who took up that defense under a reservation of its rights. Plaintiff filed an action in this court, seeking a declaratory judgment that it has no duty to defend defendant

in the underlying action.[1]

Boller then filed its counterclaim, and seeks a declaration that plaintiff has a duty to defend and indemnify it in the underlying action. Plaintiff argues that the dispute over its duty to indemnify is not ripe, and that the court lacks subject matter jurisdiction to resolve it. Boller also claims that plaintiff's conduct has been vexatious and unreasonable, and it is therefore entitled to damages under 215 ILCS § 5/155. Plaintiff seeks to dismiss that charge, contending that Boller has failed to state a claim.

## DISCUSSION

### Plaintiff's Rule 12(b)(1) Motion

The court first addresses plaintiff's argument that the duty-to-indemnify issue is unripe because subject matter jurisdiction is the first issue in every federal suit. Lear Corp. v. Johnson Electric Holdings Ltd., 353 F.3d 580, 582 (7th Cir. 2003); Illinois v. City of Chicago, 137 F.3d 474, 478 (7th Cir. 1998). Plaintiff properly raises this challenge under FED. R. CIV. P. 12(b)(1), (United Phosphorous, Ltd. v. Angus Chemical Co., 332 F.3d 942, 946 (7th Cir. 2003)), and under that rule the court accepts well-pleaded factual allegations as true and draws all reasonable inferences in favor of defendant, the non-moving party. Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995). The court may consider any evidence submitted to determine whether subject matter jurisdiction exists. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).

An insurance company's duty to defend and duty to indemnify "are not wholly congruent." Scottsdale Ins. Co. v. Subscription Plus, Inc., 299 F.3d 618, 623 (7th Cir. 2002);

---

[1] Plaintiff also sought to recoup any sums spent in Boller's defense, but has voluntarily withdrawn that claim in light of Gen. Agents Ins. of Am., Inc. v. Midwest Sporting Goods, 2005 WL 674685, 2005 Ill. LEXIS 324 (Ill. 2005).

*see also* United States v. Security Mgmt. Co., 96 F.3d 260, 263 (7th Cir. 1996) (duty to defend is separate from duty to indemnify). The duty to defend is broader than the duty to indemnify. Outboard Marine v. Liberty Mut. Ins., 154 Ill.2d 90, 607 N.E.2d 1204, 1220, 180 Ill. Dec. 691 (Ill. 1992)); Lockwood Int'l, B.V. v. Volm Bag Co., 273 F.3d 741, 746 (7th Cir. 2001). Thus, if there is no duty to defend, "the duty to indemnify is not triggered." Scottsdale Ins., 299 F.3d at 623. In its counterclaim, Boller seeks a declaration that plaintiff has both a duty to defend and indemnify. Plaintiff also seeks declaratory judgment on the duty-to-defend issue, but in its motion to dismiss it only seeks to dismiss the duty-to-indemnify issue.[2]

As a general rule, "decisions about indemnity should be postponed until the underlying liability has been established." Lear, 353 F.3d at 583. Deciding the indemnity issue prior to resolving whether there is a duty to defend "has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant." *Id.* Illinois courts have noted that it is improper to resolve an insurer's duty to indemnify prior to a determination of the insured's liability. *See* Outboard Marine, 607 N.E.2d at 1221 ("the question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it."). The general rule prevails here. Litigation is ongoing in state court, as it is in this court, where both parties seek judgment on the duty-to-defend issue, and deciding the indemnity issue at this stage risks rendering an inconsequential advisory opinion, regardless of that decision's outcome.

---

[2]Plaintiff has moved to strike defendant's duty-to-defend claim under FED. R. CIV. P. 12(f) as redundant, but we do not rule on that motion now – it does not appear to be fully briefed by the parties.

Boller argues that the duty-to-indemnify issue should not be dismissed since it was first raised by plaintiff. It also contends that the court should stay proceedings rather than dismiss them (citing American States Ins. Co. v. Capital Assoc. Jackson County, 392 F.3d 939, 941 (7th Cir. 2004)). Parties cannot create subject matter jurisdiction by consent, and therefore plaintiff's pleadings cannot make the duty-to-indemnify issue ripe. Further, in American States the Seventh Circuit said that staying proceedings was proper due to specific jurisdictional problems that are absent in this case. Boller fails to highlight any special circumstances in this case, such as those present in Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677 (7th Cir. 1992), that would show the duty-to-indemnify issue is ripe for adjudication. Accordingly, Boller's motion for declaratory judgment on the duty-to-indemnity issue is dismissed without prejudice.[3]

Plaintiff's Rule 12(b)(6) Motion

Plaintiff next argues that under FED. R. CIV. P. 12(b)(6) Boller fails to state a claim that it is liable for damages under 215 ILCS § 5/155. A Rule 12(b)(6) motion tests the sufficiency of the complaint, rather than the merits of the case. General Electric Capital Corp v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). And in ruling on this motion, all factual allegations are accepted as true and all reasonable inferences are drawn in defendant's favor. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

Section 155 of the Illinois Insurance Code allows a court to award fees, costs and damages to a policyholder, when his insurer's conduct is unreasonable and vexatious. It thus

---

[3] The dismissal does not impact the duty-to-defend issue, which is a live dispute between the parties. Further, dismissal is without prejudice and, as such, Boller may have the opportunity to again raise plaintiff's alleged duty to indemnify.

provides a remedy for policyholders and punishes insurance companies. *See* Cramer v. Insurance Exchange Agency, 174 Ill.2d 513, 675 N.E.2d 897, 902, 221 Ill. Dec. 473 (Ill. 1996) (section 155 "provides an extracontractual remedy for policyholders who have suffered unreasonable and vexatious conduct by insurers with respect to a claim under the policy."); McGee v. State Farm Fire & Casualty Co., 315 Ill. App. 3d 673, 734 N.E.2d 144, 151, 248 Ill. Dec. 436 (Ill.App.2d Dist. 2000) (section 155 provides an "extracontractual remedy intended to make suits by policyholders economically feasible and punish insurance companies for misconduct."); Richardson v. Illinois Power Co., 217 Ill.App.3d 708, 577 N.E.2d 823, 826, 160 Ill. Dec. 498 (Ill.App. 5th Dist. 1991) (in section 155 "[t]he legislature intended to provide a remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits."). Boller alleges that plaintiff unreasonably failed to settle the underlying dispute, and contends that the allegations made by Gavin in that dispute clearly fall within the policy provisions. Boller also claims that plaintiff's declaratory judgment action in this court is meritless and based on numerous misrepresentations of the insurance policy. Plaintiff counters, asserting that it was entitled to reserve its rights and bring a declaratory judgment action. It further states that all of its claims are supported by policy and case law, and also that defendant fails to state supporting facts.

That last claim is easily dispatched. The pleading standard in federal courts is notice pleading, not fact pleading. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Christopher v. Buss, 384 F.3d 879, 881 (7th Cir. 2004). Plaintiff's remaining arguments resemble defenses to the section 155 claim, rather than reasons for dismissing it. Due to plaintiff's reliance on the policy's provisions, Boller responded by presenting its own interpretation of those provisions. While documents central

to a claim may be considered on a Rule 12(b)(6) motion (188 LLC v. Trinity Indus. Inc., 300 F.3d 730, 735 (7th Cir. 2002)), the parties invite the court to embark on an analysis of the insurance policy that goes far beyond what is necessary at this stage, which is merely to determine whether Boller states a claim upon which relief may be granted. Further, that analysis hedges too closely to territory covered by the parties' duty to defend claims, and any interpretation of the policy's provisions may impact resolution of those claims.

Boller argues that plaintiff's reservation of its rights in the underlying action was unreasonable under Midwest Sporting Goods, which held that an insurer cannot reserve its rights to reimbursement for defense costs absent a provision in the insurance policy allowing for such a reservation. Midwest Sporting Goods, 2005 WL 674685, *11, 2005 Ill. LEXIS 324, *34. But that case was decided well after plaintiff reserved its rights in the underlying action. Further, before Midwest Sporting Goods, courts consistently held that when a policyholder tendered a defense to an insurance company, who then disputed its duty to defend, the company could assume the defense under a reservation of rights or seek a declaration that it has no duty to defend. See State Farm Fire & Cas. Co. v. Martin, 186 Ill.2d 367, 710 N.E.2d 1228, 1231, 238 Ill. Dec. 126 (Ill. 1999) (citing cases). Indeed, even Midwest Sporting Goods acknowledged that an insurer may reserve its rights and seek a declaration, and the decision's apparent impact is that a reservation of rights is possible only if it is authorized by the insurance policy. Thus, plaintiff's reservation of its rights cannot be unreasonable and vexatious under section 155.

Ordinarily, a declaratory judgment action can hardly be termed unreasonable and vexatious. That is the customary procedure for resolving coverage disputes. American States Ins. Co. v. Capital Assoc. Jackson County, *supra* at 940. However, Boller alleges that it was

the manner in which plaintiff brought the declaratory judgment action, and not just the fact that it brought it, that was unreasonable and vexatious. Boller contends that plaintiff has grossly misrepresented the insurance policy and has omitted relevant documents in its court filings. Plaintiff is entitled to bring a declaratory action, but if plaintiff's justifications for bringing that action are, as Boller alleges, unreasonable and vexatious, then section 155 relief may be proper. Similarly, that relief may be appropriate if plaintiff's failure to settle the underlying claim was due to an unreasonable and vexatious interpretation of the insurance policy, rather than a "bona fide dispute . . . regarding the scope of the insurance coverage." Mobil Oil Corp. v. Maryland Casualty Co., 288 Ill. App. 3d 743, 681 N.E.2d 552, 558, 224 Ill. Dec. 237 (Ill. App. 1st Dist. 1997). By alleging that the reasons underlying plaintiff's declaratory action are meritless and wholly unreasonable, Boller has stated a claim for section 155 relief.

## CONCLUSION

For the foregoing reasons, Boller's counterclaim for indemnification is dismissed without prejudice, and plaintiff's motion to dismiss Boller's section 155 claim is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 31, 2005.